# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

ALEX T. McKAY, )
)
    Movant, )
)
) Case No. CV410-026
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Alex McKay has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) He seeks to attack a federal sentence and conviction for which he is still incarcerated. *United States v. McKay*, No. CR407-428 (S.D. Ga. June 27, 2008). A petitioner who seeks to collaterally attack a federal sentence or conviction must proceed by motion pursuant to § 2255, unless he can establish the inadequacy or ineffectiveness of the § 2255 remedy. 28 U.S.C. § 2255(e). That is, the motion must be brought pursuant to § 2255 unless the petitioner satisfies the § 2255(e) savings clause. The Eleventh Circuit has held that the § 2255(e) savings clause applies when:

> (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision

establishes the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion.

*Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003) (citing *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)). McKay has not offered any reason to believe that § 2255 would be inadequate or ineffective. Indeed, he has not raised a single claim for relief. He simply insists that the Court and the United States government are in violation of law and ethics. (Doc. 1 at 1.) In January 2010, he stated that a brief would be forthcoming, (*id.*) but as of April 2010 no such brief has arrived.

If this were his first § 2255 motion, the Court would warn McKay that his motion would be re-characterized as a motion pursuant to § 2255 unless he wanted to amend or dismiss it. *See Castro v. United States*, 540 U.S. 375, 383 (2003) (district courts must warn first-time § 2255 litigants that they will lose their ability to file any successive § 2255 motions without first seeking leave to do so from the circuit court). McKay, however, has already filed a § 2255 motion, and that motion was denied on the merits. *McKay v. United States*, No. CV409-180, docs. 1, 9, & 12 (S.D. Ga. Sept. 30, 2009). Accordingly, the *Castro* warnings are

unnecessary here. Since this is McKay's second motion, he must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see* 28 U.S.C. § 2255(h) (cross-referencing § 2244 certification requirement). Indeed, district courts *must* dismiss second or successive petitions, without awaiting any response from the government, absent prior approval by the court of appeals. *Levert v. United States*, 280 F. App'x 936, 936 (11th Cir. 2008) (per curiam) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (same); *In re Medina*, 109 F.3d 1556, 1561 (11th Cir. 1997); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Because McKay has filed this latest § 2255 motion without prior Eleventh Circuit approval, this Court is without jurisdiction to consider it. Consequently, it should be **DISMISSED** as successive.

**SO REPORTED AND RECOMMENDED** this <u>6th</u> day of April, 2010.

_/s/ JB Smith_<br>
UNITED STATES MAGISTRATE JUDGE<br>
SOUTHERN DISTRICT of GEORGIA